**Peter THOMAS, Plaintiff, Appellant,**

v.

**MORTON INTERNATIONAL, INC., Defendant, Appellee.**

**No. 90–1490.**

United States Court of Appeals, First Circuit.

Heard Oct. 3, 1990.

Decided Oct. 19, 1990.

---

Anthony M. Fredella with whom Fredella & Wheeler was on brief for plaintiff, appellant.

Bruce S. Harrison with whom Mark J. Swerdlin, Shawe & Rosenthal, Leonard M. Singer and Csaplar & Bok were on brief for defendant, appellee.

Before CAMPBELL, Circuit Judge, TIMBERS,* Senior Circuit Judge, and CYR, Circuit Judge.

PER CURIAM.

Plaintiff-appellant Peter Thomas attempts to appeal from an order of the United States District Court for the District of Massachusetts, granting defendant-appellee Morton International, Inc.'s motion to dismiss. Not having timely filed a notice of appeal in compliance with the requirements of Fed.R.App.P. 4(a), Thomas now argues that his timely motion for extension of time to file a notice of appeal, which he filed in the district court, should be regarded by us as the informal and functional equivalent of a notice of appeal.

We are unable to accept appellant's contention. We start with the premise—not seriously contested by appellant—that the

* Of the Second Circuit, sitting by designation.

filing of a timely notice of appeal is an essential prerequisite to our appellate jurisdiction. *E.g., United States v. Gibson*, 568 F.2d 111 (8th Cir.1978). We recognize, as Fed.R.App.P. 3(c) provides, that an appeal "shall not be dismissed for informality of form or title of the notice of appeal." The history behind this proviso indicates that courts have, at times, interpreted the formal requirements of a notice to appeal liberally, especially in cases of uncounseled persons like pro se prisoners, where letters evidencing a desire to appeal have been accepted as timely, informal notices of appeal. *See, e.g., Bach v. Coughlin*, 508 F.2d 303 (7th Cir.1974). Appellant here, however, was and is represented by counsel, and his motion for extension of time in no way purported to place the court and opposing party on notice that he was at that time appealing, and that the motion was meant functionally to be the requisite notice of appeal. Rather the motion was a request to the court for additional time within which to file the required notice. To treat such a request for extra time as the notice itself would be to render the notice requirement meaningless. Thomas' attorney clearly recognized the difference between the two documents when, out of time, he later filed a notice of appeal. His earlier motion to extend time was something altogether different. As no timely notice was filed, we lack jurisdiction and must dismiss the appeal.

We direct the Clerk to send a copy of this opinion to appellant personally as well as to his counsel.

*Appeal dismissed. Costs to appellee.*