948 F.2d 1193
 21 Fed.R.Serv.3d 483
 Christopher E. LONGSTRETH, Plaintiff-Appellant,
v.
CITY OF TULSA, OKLAHOMA, a municipal corporation; Police
Officer, David M. Brockman; and Sheriff, Frank
Thurman, of the County of Tulsa,
Oklahoma, Defendants-Appellees.
 No. 91-5067.
 United States Court of Appeals,
Tenth Circuit.
 Nov. 13, 1991.
 
 Christopher E. Longstreth, pro se.
 M. Denise Graham, Asst. Dist. Atty., Tulsa, Okl., for defendants-appellees.
 Before McKAY, Chief Judge, SEYMOUR and EBEL, Circuit Judges.
 EBEL, Circuit Judge.
 
 
 1
 This appeal raises two issues: First, should a motion to extend the time in which to file a notice of appeal be considered a substantial equivalent of a notice of appeal? Second, should a motion to enlarge the time in which to file a motion for relief under Federal Rule of Civil Procedure 59 be considered a substantial equivalent of a Rule 59 motion? We answer both of these questions in the negative.[1]
 
 FACTS
 
 2
 The Appellant filed suit under 42 U.S.C. § 1983 and the Fourth, Fifth, and Eighth Amendments to the United States Constitution for injuries sustained in a shoot-out with the Tulsa Police and for subsequent care received in prison. Final judgment for the Appellees was entered on December 13, 1990. On December 24, 1990 the Appellant filed a Motion for Enlargement of Time in which to File a Rule 59 Motion.[2] On January 14, 1991 he filed a Motion for Extention [sic] of Time to File Notice of Appeal. The district court denied these two motions on April 9, 1991. On April 22, 1991 the Appellant filed a notice of appeal.
 
 
 3
 A notice of appeal must be filed within thirty days from the date that final judgment was entered. Fed.R.App.P. 4(a)(1). The Appellant did not file this notice, however, until 128 days after final judgment.[3] Thus, the notice of appeal was not timely.
 
 
 4
 The Appellant argues, however, that his Motion for Extention [sic] of Time to File Notice of Appeal, filed within the thirty-day time limit, constituted "sufficient compliance" with the notice of appeal requirement. In the alternative, the Appellant argues, his Motion for Enlargement of Time in which to File a Rule 59 Motion should be considered a motion under Rule 59, which would toll the commencement of the thirty-day time limit for filing a notice of appeal until after the disposition of the motion. We cannot agree with either of these arguments.
 
 DISCUSSION
 I.
 
 5
 The Appellant first argues that his Motion for Extention [sic] of Time to File Notice of Appeal was substantially equivalent to a notice of appeal.[4] This motion was filed on January 14, 1991, the thirtieth day following final judgment.[5] Hence, the motion was filed within the time limit for notice of appeal.
 
 
 6
 The requirements for a notice of appeal must be construed liberally. See Fed.R.App.P. 3(c) ("An appeal shall not be dismissed for informality of form or title of the notice of appeal."). "[S]o long as the function of notice is met by the filing of a paper indicating an intention to appeal, the substance of the rule has been complied with." Fed.R.App.P. 3(c) advisory committee's note (1979).
 
 
 7
 The Appellant's motion to extend the time in which to appeal, however, does not demonstrate intent to appeal. Rather, asking for more time in which to file an appeal indicates uncertainty as to whether one will file an appeal and compels the conclusion that the notice of appeal is something yet to be filed.
 
 
 8
 At least three other circuits have refused to treat a motion for extension of time in which to appeal as substantially equivalent to a notice of appeal. See Alamo Chem. Transp. Co. v. M/V Overseas Valdes, 744 F.2d 22, 24 (5th Cir.1984); Selph v. Council of the City of Los Angeles, 593 F.2d 881, 883 (9th Cir.1979); Dyotherm Corp. v. Turbo Machine Co., 434 F.2d 65, 66 (3d Cir.1970) (per curiam).
 
 
 9
 Although one circuit has held that a motion to extend the time to appeal is substantially equivalent to a notice of appeal, we respectfully disagree with that court's reasoning. The Sixth Circuit held that because the motion to extend the time for appeal contains the same information as that required in a notice of appeal, the two can be treated as substantial equivalents. United States v. Christoph, 904 F.2d 1036, 1040 (6th Cir.1990) (noting that Federal Rule of Appellate Procedure 3(c) sets forth only three requirements for a notice of appeal, all of which are contained in a motion for extension: specification of the party taking the appeal, the order from which appeal is taken, and the court to which appeal is taken), cert. denied, --- U.S. ----, 111 S.Ct. 713, 112 L.Ed.2d 702 (1991).[6] We believe, however, that the list of requirements for a notice of appeal set forth in Rule 3(c) presupposes "the filing of a paper indicating an intention to appeal ..." Fed.R.App.P. 3 advisory committee's note to subdivision (c) (1979). As previously discussed, we do not believe that a motion to extend the time in which to file an appeal indicates such an intent.[7]
 
 
 10
 As noted by the Appellant, we hold pro se pleadings, which are at issue here, to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) (per curiam). Even under a generous reading of the Appellant's motion, however, we can find no evidence of intent to appeal. Thus, the Appellant's motion to extend the time in which to appeal cannot serve as a notice of appeal.
 
 II.
 
 11
 Alternatively, the Appellant urges us to consider his Motion for Enlargement of Time in which to File a Rule 59 Motion as a Rule 59 motion.[8] A timely motion under Rule 59 tolls the commencement of time for appeal until after the disposition of that motion. Fed.R.App.P. 4(a)(4). The Appellant's motion to enlarge the time in which to file a Rule 59 motion would have been timely if it had been a Rule 59 motion, as it was filed seven days after final judgment.[9] Fed.R.Civ.P. 59(b), (e) (motions must be filed within ten days).
 
 
 12
 In St. Paul Fire & Marine Insurance v. Continental Casualty Co., 684 F.2d 691 (10th Cir.1982), we laid out a test for substantial compliance with Federal Rule of Appellate Procedure 4(a)(4), which tolls the time for appeal upon the filing of certain post-judgment motions. To toll the appeal time under this rule a pleading must (1) be a motion, (2) be timely, and (3) be one of the four types of motion specified in the tolling rule. Id. at 692. Although the Appellant's motion meets the first two criteria of the St. Paul test, it fails under the third.
 
 
 13
 Moreover, even if we were to forego the St. Paul test and apply a simple intent test similar to that used for a notice of appeal, and even under the broad reading required for pro se pleadings, the Appellant's motion would not constitute a Rule 59 motion. Again, a motion to extend the time for filing a pleading does not evidence intent to file the pleading, but rather evidences uncertainty as to whether the party will file that pleading. A party's motion to extend the time in which to file a Rule 59 motion thus compels the conclusion that the Rule 59 motion is something yet to be filed.
 
 
 14
 At least one other circuit has refused to allow a motion for an extension of time in which to file a motion for post-judgment relief to serve as a Rule 59 motion and thereby to toll the time for appeal. See Textile Banking Co. v. Rentschler, 657 F.2d 844, 849 (7th Cir.1981) (motion that "does not propose an alteration or amendment of the [judgment] and states no grounds upon which this type of relief could be granted" cannot qualify as a Rule 59 motion). No court appears to have held to the contrary.
 
 
 15
 In sum, the Appellant's Motion for Extention of Time to File Notice of Appeal cannot serve as a notice of appeal and his Motion for Enlargement of Time in which to File a Rule 59 Motion cannot serve as a Rule 59 motion so as to toll the time for appeal. Thus, his formal notice of appeal, which was filed beyond the thirty-day deadline for filing--and beyond the additional thirty-day period for extension--cannot be considered timely. We are therefore without jurisdiction to hear the appeal.
 
 
 16
 Accordingly, the appeal is DISMISSED.
 
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument
 
 
 [2]
 December 24, 1990 was a Monday and hence it was within ten days of the entry of the final judgment
 
 
 [3]
 Although 130 days actually elapsed between final judgment and notice of appeal, the final Saturday and Sunday in that period are not counted. Fed.R.App.P. 26(a)
 
 
 [4]
 The district court denied this motion as beyond its jurisdiction. Although the district court did indeed have jurisdiction to grant such an extension, Fed.R.App.P. 4(a)(5), the Appellant does not appeal this denial
 
 
 [5]
 Although the motion was actually filed 32 days after final judgment, January 14, 1991 was a Monday, and the final Saturday and Sunday are not counted. Fed.R.App.P. 26(a)
 
 
 [6]
 In Christoph both parties to the appeal agreed that the request for an extension of time to appeal should be treated as a notice of appeal. Although parties cannot confer jurisdiction on the court by agreement, we note that apparently no party argued to the contrary when the court ruled that the request for the extension of time to appeal should be regarded as the notice of appeal
 
 
 [7]
 Two other circuits have addressed whether a motion to extend the time in which to file an appeal can be considered substantially equivalent to a notice of appeal. Judge Friendly of the Second Circuit commented that "[t]here is some force in this since the application puts the prevailing party on notice that trouble may lie ahead." Matter of Orbitec Corp., 520 F.2d 358, 361 (2d Cir.1975) (footnote omitted). He declined, however, to accept the motion as a notice of appeal in that case and dismissed the appeal. Id. at 362. Additionally, the First Circuit once considered a motion to extend the time to file an appeal as a notice of appeal. See Pasquale v. Finch, 418 F.2d 627, 629 (1st Cir.1969). Pasquale, however, noted that the two pleadings could be considered substantially equivalent "for purposes of this case only," admonishing that "the proper procedure is to file the formal Notice of Appeal contemporaneously with the motion to extend--or at least within the 30-day extension period....". Id. The Court ultimately held that the appeal was not timely because the government had failed to establish excusable neglect for the late filing. Id. at 630-31. The Sixth Circuit is the only circuit that appears regularly to recognize motions to extend as notices of appeal. See Christoph, 904 F.2d at 1040; United States v. Hoye, 548 F.2d 1271, 1273 (6th Cir.1977) (per curiam). We note, additionally, that this Sixth Circuit practice appears limited to appeals from criminal convictions and sentences
 
 
 [8]
 The district court denied this motion as well. Federal Rule of Civil Procedure 6(b) specifically prohibits enlargement of time for motions under Rules 59(b), (d), and (e). We do not consider the Appellees' argument that this filing is invalid because it was signed by the Appellant's mother, whom it is not clear is an attorney. The district court, exercising its broad discretion with respect to pleadings, evidently chose to accept and rule upon the motion
 
 
 [9]
 The motion was filed 11 days after final judgment. Because the specified time period is less than 11 days, however, no intermediate Saturdays and Sundays are counted. Fed.R.Civ.P. 6(a)