68 F.3d 476
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jimmy Earl WHITE, Plaintiff-Appellant,
v.
Ken STRICKLIN, County Commissioner, Hardin County,
Tennessee; Sammy Davidson, Hardin County Sheriff;
J.W. Holt, Chief Jailer; Jack Patterson,
Deputy Sheriff, Defendants-Appellees.
 No. 94-6553.
 United States Court of Appeals, Sixth Circuit.
 Oct. 23, 1995.
 
 1
 Before: MERRITT, Chief Judge; KENNEDY, Circuit Judge, and JOINER, District Judge.*
 
 ORDER
 
 2
 Jimmy Earl White, a pro se federal prisoner, appeals an order of the district court denying his motion for an extension of time in which to move for reconsideration of the dismissal of his civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 White alleged in this action that the defendants had been deliberately indifferent to his serious medical needs while he was incarcerated in the Hardin County, Tennessee jail from October 27, 1992, to January 8, 1993. The district court granted the defendants' motion to dismiss for failure to state a claim in an order entered September 26, 1994. White immediately moved for an extension of time in which to move for reconsideration of the dismissal. The district court denied the motion for an extension on October 19, 1994. On November 18, 1994, White filed a notice of appeal from the October 19 order.
 
 
 4
 In this court, the defendants moved to dismiss for lack of jurisdiction, arguing that the notice of appeal was untimely as to the original order of dismissal. The court denied the motion, noting that the appeal was timely as to the October 19 order which it purported to appeal. In his brief on appeal, however, White has addressed the merits of his underlying claim. Defendants argue that the district court properly construed and denied White's motion for extension of time. In his responsive brief, White argues that his motion should have been construed as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e).
 
 
 5
 Upon review, we conclude that the district court properly denied White's motion for an extension of time in which to move for reconsideration. The district court lacks authority to extend the ten day period for filing a Rule 59 motion. See Wright v. Preferred Research, Inc., 891 F.2d 886, 890 (11th Cir. 1990) (per curiam), cert. denied, 502 U.S. 1049 (1992); Denley v. Shearson/American Express, Inc., 733 F.2d 39, 41 (6th Cir. 1984) (per curiam). White's argument that the district court misconstrued his motion is rejected, as there was nothing ambiguous about the motion to indicate that it was anything other than what it purported to be, a motion for extension of time. As such, it could not be construed as a Rule 59 motion, and did not toll the time period for filing an appeal. See Longstreth v. City of Tulsa, 948 F.2d 1193, 1195 (10th Cir. 1991); Green v. Bisby, 869 F.2d 1070, 1072 (7th Cir. 1989). The only order properly appealed in this case was that which denied the motion for extension of time. That order is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation