**William Alfred HARRIS,
Plaintiff–Appellant,**

v.

**Halycon BALLARD, Director of State Personnel and Chairman of State Personnel Board, State Personnel Board, et al.,
Defendants–Appellees.**

No. 97–6447
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Oct. 27, 1998.

---

William Alfred Harris, Montgomery, AL, pro se.

J. Clayton Crenshaw, Montgomery, AL, Joseph Vincent Musso, R. Taylor Abbot, Jr., Cabannis, Johnston, Gardner, Dumas & O'Neal, Birmingham, AL, Andrew W. Redd, Al. Dept. of Corrections, Montgomery, AL, for Defendants–Appellees.

Before HATCHETT, Chief Judge, and COX and BARKETT, Circuit Judges.

PER CURIAM:

William Alfred Harris, proceeding *pro se*, appeals a judgment dismissing with prejudice his civil action brought under 42 U.S.C. § 1983. We raise *sua sponte* two jurisdictional issues.

## Background

Harris was terminated from his employment as a correctional officer with the Alabama Department of Corrections for failing a drug test. He contested his termination through the state personnel system. The Alabama State Personnel Board issued an administrative ruling upholding the termination. After further pursuing the matter in Alabama state courts, Harris filed a complaint under 42 U.S.C. § 1983 attacking the manner in which the state courts handled his case. On February 25, 1997 the district court granted judgment in favor of the defendants and dismissed the case with prejudice. Harris failed to timely appeal, but instead filed a motion for an extension of time to file a notice of appeal. The district court granted the extension.

## Issues

This case presents two jurisdictional questions. First, we ask whether the district court had the authority to extend the time for filing a notice of appeal more than thirty days beyond the expiration of the original appeal period and, if so, whether Harris properly filed within this extended time period. Second, we ask whether the motion for extension of time, filed within thirty days after the expiration of the original period and granted by the district court, is to be construed as a timely notice of appeal.

## Discussion

Federal Rule of Appellate Procedure 4(a)(1) requires that a party wishing to appeal a judgment in a civil case file a notice of appeal in the district court within thirty days of the entry of the judgment being appealed. In this case, the final judgment was entered on February 25, 1997, and the deadline for Harris to appeal was March 27, 1997. Harris did not file a timely notice of appeal. Instead, eight days later on April 4, 1997, Harris filed a motion with the district court for an extension of time to file a notice of appeal, as permitted by Rule 4(a)(5). Fed. R.App. P. 4(a)(5) ("The district court, upon a showing of

excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a).").  On April 9, 1997, the district court granted Harris's motion for extension of time, providing him "thirty additional days from the date of this order in which to file his notice ·of appeal with the Eleventh Circuit." (R.1–24 at 2).  We conclude this was an improper extension of time by the district court.

Federal Rule of Appellate Procedure 4(a)(5) provides that "[n]o such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later."  We assume that the district court read "30 days past such prescribed time" to mean thirty days from the time of granting the motion, rather than as thirty days past the expiration of the thirty-day time period allowed for filing appeals of right.  See Listenbee v. City of Milwaukee, 976 F.2d 348, 350 (7th Cir.1992).  While we may have permitted Harris to rely on the district court's error, he failed to file a notice of appeal within the extended time granted him.  The district court's order granting an extension was entered on April 9, 1997.  It would have allowed Harris to file by May 9, 1997, thirteen days more than should have been allowed under Fed. R.App. P. 4(a)(5).  However, Harris did not file until May 12, 1997.

▇ Despite Harris's failure to comply with the rule, he may avoid dismissal of his appeal if the motion for extension of time, filed within thirty days after the expiration of the original period and granted by the district court, may be construed as a timely notice of appeal.  Five circuits that have addressed this issue have concluded that a motion for an extension of time to appeal should not be construed as a notice of appeal.  See Longstreth v. City of Tulsa, Oklahoma, 948 F.2d 1193, 1194–95 (10th Cir.1991); Thomas v. Morton Int'l, Inc., 916 F.2d 39, 40 (1st Cir.1990); Alamo Chem. Transp. Co. v. M/V Overseas Valdes, 744 F.2d 22, 24 (5th Cir.1984); Selph v. Council of City of Los Angeles, 593 F.2d 881, 883 (9th Cir.1979); Dyotherm Corp. v. Turbo Mach. Co., 434 F.2d 65, 66·(3rd Cir.1970).  But see Listenbee v. City of Milwaukee, 976 F.2d 348, 349–50 (7th Cir.1992) (concluding that a motion for extension of time qualifies as a notice of appeal).  We agree.

Federal Rule of Appellate Procedure 3(c) provides that "[a]n appeal will not be dismissed for informality of form or title of the notice of appeal."  The comments to that section state that "so long as the function of notice is met by the filing of a paper indicating an intention to appeal, the substance of the rule has been complied with."  Fed. R.App. P. 3(c) advisory committee's note (1979).  We conclude that a motion for extension of time does not indicate an intention to appeal.[1]

A motion for more time to appeal indicates uncertainty as to whether the party will in fact appeal and compels the conclusion that the notice of appeal is something yet to be filed.  Longstreth v. City of Tulsa, 948 F.2d 1193, 1194 (10th Cir.1991).  "To treat such a request for extra time as the notice itself would be to render the notice requirement meaningless."  Thomas v. Morton Int'l Inc., 916 F.2d 39, 40 (1st Cir.1990).

---

1. The Supreme Court and this court have concluded that various documents may satisfy this intention to appeal requirement.  See Smith v. Barry, 502 U.S. 244, 112 S.Ct. 678, 116 L.Ed.2d 678 (1992).  In Smith, the Supreme Court held that "[i]f a document filed within the time specified by Rule 4 gives the notice required by Rule 3, it is effective as a notice of appeal."  Smith, 502 U.S. at 248–49, 112 S.Ct. at 682.  The Court then concluded that an inmate's informal pro se brief could act as the functional equivalent of a notice of appeal.  Id.

This court has held that the notice of appeal requirement may be satisfied by documents which constitute its functional equivalent when filed within the critical appeal period.  See, e.g., Thames v. Dugger, 848 F.2d 149, 149 (11th Cir. 1988) (motion for certificate of probable cause was equivalent to a notice of appeal, when timely filed under Fed. R.App. P. 4(a) within 30 days of judgment); Haney v. Mizell Mem'l Hosp., 744 F.2d 1467, 1472 (11th Cir.1984) (motion to proceed in forma pauperis and supporting affidavit was equivalent to a notice of appeal, when timely filed under Fed. R.App. P. 4(a) within 30–day appeal period).

*Conclusion*

We conclude that Harris failed to timely appeal and that his motion for extension of time does not constitute the functional equivalent of a notice of appeal. Accordingly, we lack jurisdiction to hear this appeal. *See United States v. Eastern Air Lines, Inc.,* 792 F.2d 1560, 1562 (11th Cir.1986) ("[t]ime limits for filing notices of appeal are mandatory and jurisdictional"). The appeal is therefore dismissed.

APPEAL DISMISSED.[2]

---

2. Harris's motion to have costs and attorneys fees imposed against the appellees is denied.