IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————————

No. 99-31392
Conference Calendar

————————————————

REINIER NESLO,

                                          Petitioner-Appellant,

versus

BURL CAIN, Warden, Louisiana State Penitentiary,

                                          Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 97-CV-1269-B
--------------------
June 16, 2000

Before JOLLY, DAVIS, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

     Reinier Neslo, Louisiana prisoner # 95210, seeks a certificate of appealability (COA) to appeal the denial of his application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  We must examine the basis of our jurisdiction, on our own motion, if necessary.  Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987).

     A notice of appeal in a civil case is required to be filed within 30 days of the date of entry of the judgment.  Fed. R. App. P. 4(a)(1)(A).  The Supreme Court, in a habeas corpus action

————————————————

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

instituted by a pro se inmate, held that a brief may serve as a notice of appeal if it is filed within the time allotted for filing a notice of appeal and gives the notice required by Fed. R. App. P. 3. Smith v. Barry, 502 U.S. 244, 247-50 (1992).

The only document filed by Neslo within the 30-day period was a motion for extension of time to file a COA request. In Stevens v. Heard, 674 F.2d 320, 321-23 (5th Cir. 1982), we construed a request for CPC filed within the 30-day period as a notice of appeal. If Neslo had filed his actual COA request in that 30-day period, rather than merely a motion for an extension of time to file a COA request, his COA request would have been construed by this court as a timely notice of appeal. However, his motion for an extension of time to file a COA cannot be construed as a notice of appeal. In Alamo Chemical Transportation Co. v. M/V Overseas Valdes, 744 F.2d 22, 23-24 (5th Cir. 1984), we held that a request for enlargement of time to file an appellate brief did not constitute the requisite notice of appeal as required by Fed. R. App. P. 3(c). See also Harris v. Ballard, 158 F.3d 1164, 1166 (11th Cir. 1998) (post-Smith v. Barry case holding that a motion for an extension of time to appeal should not be construed as a notice of appeal because it does not indicate an intention to appeal); Longstreth v. City of Tulsa, 948 F.2d 1193, 1194 (10th Cir. 1991) (holding that a motion to extend the time to appeal does not serve as substantial equivalent to a notice of appeal).

Neslo did not file a notice of appeal within the 30-day appeal period. He did not file a motion for a COA, which we

would have treated as his notice of appeal pursuant to Stevens v. Heard.  He filed a motion for an extension of time to file a COA motion, which is one step further removed from a motion for an extension of time to file a notice of appeal or a motion for extension of time to file an appellate brief, which we held in Alamo did not constitute an effective notice of appeal.  The district court's order granting the motion for extension of time clearly put Neslo on notice that he still needed to file a notice of appeal.  Even after being given an extension of time in which to file his COA motion and his notice of appeal, Neslo failed to do so in a timely manner.

Appellate jurisdiction has not been conferred on this court. Because we are without jurisdiction, we do not consider Neslo's COA motion.  IT IS ORDERED that this appeal is DISMISSED for lack of appellate jurisdiction.