FILED
United States Court of Appeals
Tenth Circuit

June 11, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOHN L. BIRBARI,

      Plaintiff/Counter-
      Defendant,

v.

UNITED STATES OF AMERICA,

      Defendant/Counter-
      Plaintiff-Appellee,

v.

JAY X. VICENS,

      Counter-Defendant-
      Appellant.

No. 11-8046
(D.C. No. 2:10-CV-00032-NDF)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Jay X. Vicens, appearing pro se, appeals the district court's summary judgment order holding that he was responsible for payment of payroll taxes owed by a business he co-owned. Exercising jurisdiction under 28 U.S.C. § 1291, we deny the Government's motion to dismiss this appeal as untimely filed, dismiss Mr. Vicens's appeal as frivolous, and deny his request to proceed *in forma pauperis*.

## I. Background

In its summary judgment order, the district court presented a detailed account of the facts, which we will briefly summarize here. In 2000, Mr. Vicens purchased a gas station in Lander, Wyoming. R., Vol. 1, at 252-53. He also co-owned, with John Birbari and Sherri Couey, Red Canyon Holdings, LLC ("Red Canyon"), which began operating the gas station in 2004. *Id.* at 259-61. Mr. Vicens was the chief executive officer of Red Canyons. *Id.* at 277-78. During the quarters ending on December 31, 2004, March 31, 2005, June 30, 2005, and September 30, 2005, Red Canyon failed to pay employee withholding taxes. The IRS assessed payroll taxes against Red Canyon's minority partner, John L. Birbari, who made a partial payment and then sought a refund of his payment.

Mr. Birbari filed this suit after the IRS failed to respond to his request for a refund. The Government filed an answer and a counterclaim, which added Mr. Vicens as a counter-defendant. The Government alleged that Mr. Vicens, as

-2-

Red Canyon's majority partner, was also responsible for paying employee withholding taxes for the gas station. Mr. Birbari settled, and he was dismissed. The Government then filed a motion for summary judgment on its counterclaim against Mr. Vicens, seeking judgment on its demand for payment of payroll taxes for the quarters ending on December 31, 2004, March 31, 2005, and June 30, 2005.[1]

Mr. Vicens did not file an opposition brief to the Government's summary judgment motion, but he filed a motion to dismiss, which the district court construed as a motion for summary judgment because he had attached exhibits to it. R., Vol. 1, at 659 n.2. Mr. Vicens argued in his motion that: (1) he was not given proper notice of the tax assessment; (2) he was never offered a chance to resolve this matter through an administrative hearing; (3) the Government had already ruled that he was not a responsible party; and (4) the Government's counterclaim against him had no factual basis. R., Vol. 1, at 551. The district court determined—based on the evidence supporting the Government's demand and the absence of evidence supporting Mr. Vicens's arguments—that his summary judgment motion should be denied and the Government's motion for summary judgment should be granted. *Id.* at 665, 668-69. Mr. Vicens appeals from the judgment entered for the Government.

---

[1]Because Mr. Birbari paid the taxes for the quarter ending on September 30, 2005, the government abandoned its claim against Mr. Vicens for these taxes. R., Vol. 1, at 148 n.2.

-3-

On March 2, 2011, the district court entered a judgment pursuant to Fed. R. Civ. P. 58(a). The Government moved on March 4 to alter the judgment to add interest; the court granted the motion and entered an amended judgment the same day. On March 11, 2011, Mr. Vicens filed a motion to alter judgment under Fed. R. Civ. P. 60(a), which was denied on April 11, 2011. On April 28, 2011, Mr. Vicens filed a motion under Fed. R. App. P. 4(a)(4)(A) to clarify the time for appeal, which the district court denied the same day. Mr. Vicens filed his notice of appeal on June 24, 2011.

## II. The Government's Motion to Dismiss

The Government moved to dismiss this appeal, arguing that Mr. Vicens's notice of appeal was untimely. When the United States is a party to a civil case, the notice of appeal must be filed within 60 days after entry of the judgment from which appeal is taken. 28 U.S.C. § 2107(a), (b); Fed. R. App. P. 4(a)(1)(B). Because the time to appeal in a civil case is prescribed by a statute as well as by a rule of appellate procedure, the time for filing an appeal in a civil case under Rule 4(a)(1)(B) is mandatory and jurisdictional. *Bowles v. Russell*, 551 U.S. 205, 209-10, 214 (2007); *Emann v. Latture (In re Latture)*, 605 F.3d 830, 834-35 (10th Cir 2010).

In this case, the amended judgment was filed on March 4, 2011, so Mr. Vicens's notice of appeal was initially due on or before May 3, 2011. But Fed. R. App. P. 4(a)(4)(A) provides that certain post-judgment motions toll the

time to appeal until "the entry of the order disposing of the last such remaining motion[.]" Mr. Vicens's March 11 motion to alter the judgment under Fed. R. Civ. P. 60(a) was such a tolling motion. *See* Rule 4(a)(4)(A)(vi). That motion tolled the time to appeal until June 10, 2011—60 days after the district court's April 11 order denying Mr. Vicens's tolling motion. *See id.*, Rule 4(a)(4)(A). Despite this tolling of time, Mr. Vicens did not file a notice of appeal until June 24, 2011, and his notice appeared to be untimely. Nonetheless, he argues that his April 28, 2011, motion to clarify salvages his appeal. *See* Aplt. Resp. to Aplee. Mot. to Dismiss at 2-3. We agree.

The Supreme Court calls on us to "liberally construe" the requirements applicable to a notice of appeal under Fed. R. App. P. 3. *Smith v. Barry*, 502 U.S. 244, 248 (1992). Rule 3 requires a notice of appeal to "specify the party or parties taking the appeal"; to "designate the judgment, order, or part thereof being appealed"; and to "name the court to which the appeal is taken." Rule 3(c)(1). The Supreme Court has explained that "[i]f a document filed within the time specified by Rule 4 gives the notice required by Rule 3, it is effective as a notice of appeal." *Smith*, 502 U.S. at 248-49 (emphasis added).

The Supreme Court and this court have accepted a variety of filings by pro se litigants as the "functional equivalent" of a notice of appeal. *See id.* at 248. In *Smith*, the Court construed a pro se appellant's opening brief as a notice of appeal. *See id.* at 248-49. We have construed various other documents

as a notice of appeal: an amended docketing statement, *B. Willis, C.P.A., Inc. v. BNSF Ry. Corp.*, 531 F.3d 1282, 1296 (10th Cir. 2008); a "combined 'motion for leave to proceed on appeal without prepayment of costs or fees and application for certificate of appealability[,]'" *Fleming v. Evans*, 481 F.3d 1249, 1253-54 (10th Cir. 2007); a motion to certify a district court's order for appeal, *Berrey v. Asarco Inc.*, 439 F.3d 636, 641-42 (10th Cir. 2006); a motion for extension of time within which to file a notice of appeal, *see Rodriguez v. IBP, Inc.*, 243 F.3d 1221, 1227 (10th Cir. 2001); and other documents, *see Rodgers v. Wyo. Attorney Gen.*, 205 F.3d 1201, 1204 n.3 (10th Cir. 2000) (collecting cases), *overruled on other grounds recognized by*, *Moore v. Marr*, 254 F.3d 1235, 1239 (10th Cir. 2001).

The Government, citing *Longstreth v. City of Tulsa*, 948 F.2d 1193, 1194 (10th Cir. 1991), argues that Mr. Vicens's motion to clarify cannot serve as a notice of appeal because it does not indicate his "actual intention" to appeal. Aplee. Mot. to Dismiss at 7 n.4. Although *Longstreth* required "an expressed intent to appeal as well as the . . . minimum information that Rule 3 required to be included in a notice of appeal," *United States v. Smith*, 182 F.3d 733, 735 (10th Cir. 1999) (discussing *Longstreth*), the Supreme Court modified *Longstreth's* intent requirement in *Smith v. Barry*: What matters now is "the notice afforded by a document, not the litigant's motivation in filing it[.]" 502 U.S. at 248-49. *Accord United States v. Smith*, 182 F.3d at 735.

Mr. Vicens's motion to clarify stated that he "will proceed to respectfully appeal the [district court's] decision and seek appropriate relief from the Court of Appeals for the Tenth Circuit; pursuant to . . . Fed.R.App.P. Rule 3(a)(1) and Rule 4(1)(4)(iv)(v)(vi), (B)(1)(ii)." R., Vol. 1, at 741. We conclude that Mr. Vicens's April 28, 2011, motion to clarify provided the notice required by Rule 3 and may properly be construed as the functional equivalent of a timely notice of appeal.

## III. Merits Discussion

"We review a grant of summary judgment de novo, applying the same legal standard as the district court." *Tomlinson v. El Paso Corp.*, 653 F.3d 1281, 1286 (10th Cir. 2011), *cert. denied*, 132 S. Ct. 1574 (2012). "Summary judgment is proper when there is 'no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). "The evidence should be viewed in the light most favorable to the non-moving party." *Id.*

"[A]lthough our review is de novo, we conduct that review from the perspective of the district court at the time it made its ruling, ordinarily limiting our review to the materials adequately brought to the attention of the district court by the parties." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). If the moving party carries his or her burden to "demonstrat[e] . . . the absence of a genuine issue of material fact," *id.* at 670, "the burden shifts to the

nonmovant to go beyond the pleadings and set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant[,]" *id.* at 671 (internal quotation marks omitted). "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits . . . ." *Id.*; *see* Rule 56(c)(1) (stating that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record," and listing numerous examples of such materials).

The district court determined that the Government had presented evidence that Mr. Vicens was a responsible party to pay the taxes and that Mr. Vicens had failed to present evidence that he was not responsible. *See* R., Vol. 1, at 662-65. He therefore failed to establish a genuine issue of material fact. On appeal, he has failed to identify any evidence in the record to show that he is not responsible for the taxes. He appears to argue that he could have waited to present evidence at a future hearing. *See* Aplt. Opening Br. at 6, 9; Aplt. Resp. to Aplee. Mot. to Dismiss at 5-6. We reject that argument as reflecting a fundamental misunderstanding of summary judgment procedure. Mr. Vicens's "*pro se* status does not excuse [him from] the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure,"

including Rule 56.  *See Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

## IV.  Conclusion

We deny the Government's motion to dismiss.  We dismiss Mr. Vicens's appeal as frivolous and deny his request to proceed *in forma pauperis*.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge