**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 28 1999**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

MARCUS RENAULT SMITH,

     Defendant-Appellant.

No. 98-6205

---

**Appeal from the United States District Court**
**for the Western District of Oklahoma**
**(D.C. No. CR-97-164-T)**

---

Submitted on the briefs:[*]

Patrick M. Ryan, United States Attorney, and Michael C. James, Assistant United States Attorney, Oklahoma City, Oklahoma, for Plaintiff-Appellee.

Michael G. Katz, Federal Public Defender, and Jenine Jensen, Assistant Federal Public Defender, Denver, Colorado, for Defendant-Appellant.

---

Before **BRORBY, EBEL,** and **LUCERO**, Circuit Judges.

---

**EBEL**, Circuit Judge.

---

   [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause therefore is ordered submitted without oral argument.

---

Defendant-Appellant Marcus Smith pled guilty to using and carrying a handgun while committing a robbery of Credit Union Services Center ("Credit Union"), in violation of 18 U.S.C. § 924(c)(1). On February 23, 1998, the United States District Court for the Western District of Oklahoma sentenced him to five years' imprisonment, followed by three years of supervised release. The district court also ordered Smith to pay $9,364 in restitution to the Credit Union. Final judgment was entered on February 25, 1998. Smith did not file a notice of appeal within the next ten days, as provided by Fed. R. App. 4(b)(1). Instead, on March 27, 1998, Smith filed a pro se "Motion For Out of Time Notice of Appeal." The district court found "excusable neglect" and granted that motion on April 16. We find Smith's motion to be the functional equivalent of a timely notice of appeal, vesting this court with jurisdiction to hear Smith's appeal. However, we reject Smith's appeal on the merits because Smith's plea expressly agreed to the restitution order now challenged.

**I.**

This court cannot exercise jurisdiction absent a timely notice of appeal. United States v. Langham, 77 F.3d 1280, 1280 (10th Cir. 1996) ("A timely notice of appeal is both mandatory and jurisdictional."). The timing requirements for

filing appeals in the federal courts are set out in Rule 4 of the Federal Rules of Appellate Procedure. "In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after . . . the entry of either the judgment or the order being appealed." Fed. R. App. P. 4(b)(1). If that deadline is missed, Fed. R. App. P. 4(b)(4) permits the district court, upon a proper showing of "excusable neglect or good cause," to "extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)."

In the instant case, final judgment was entered on February 25, 1998. Since ten days after entry of judgment fell on a Saturday, March 7, the ten-day window of opportunity for a notice of appeal pursuant to Rule 4(b)(1) ended on the following Monday, March 9. See Fed. R. App. P. 26(a)(3). Smith did not file a notice of appeal by that date. On March 27, 1998, Smith filed a pro se "Motion For Out of Time Notice of Appeal" asking for a thirty-day grace period to file his appeal. The district court waited until April 16 to grant Smith's pro se motion after finding the requisite "excusable neglect." Smith filed his Notice of Appeal on May 4, 1998.[1] The "time otherwise prescribed" by Rule 4(b), which triggers

---

[1] Although Smith is a pro se inmate purporting to have filed his notice of appeal within the prison's internal mail system on April 20, 1998, we do not apply the Houston v. Lack, 487 U.S. 266 (1988), pro se prisoner mailbox rule because Smith's declaration of a timely filing did not, as required, "state that first-class postage has been prepaid." Fed. R. App. P. 4(c)(1).

the beginning of the thirty-day period constraining the district court's power to extend the appeal time, is the expiration of the original appeal period, which in this case was March 9, 1998. Thus, even though the district court's order did not state a specific deadline for Smith to file his notice of appeal, Rule 4(b)(4) authorized the district court to grant Smith an extension of time to file his notice of appeal up to April 8, which was thirty days after March 9.

By itself, the district court's grant of Smith's motion to file his notice of appeal out of time is not enough to confer jurisdiction upon this court. Instead, Smith also had to file his notice of appeal by April 8. Although Smith's formal notice of appeal filed May 4, 1998 was clearly not timely filed, this fact does not end the analysis. This court has jurisdiction to hear Smith's appeal if Smith's "Motion For Out of Time Notice of Appeal" – filed on March 27, 1998 – is the functional equivalent of a notice of appeal. See Torres v. Oakland Scavenger Co., 487 U.S. 312, 316-17 (1988) ("[I]f a litigant files papers in a fashion that is technically at variance with the letter of a procedural rule, a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires.").

In Longstreth v. City of Tulsa, Oklahoma, 948 F.2d 1193 (10th Cir. 1991), we determined that the test for "functional equivalence" between a motion for extension of time and notice of appeal required an expressed intent to appeal as

well as the inclusion of the minimum information that Rule 3 required to be included in a notice of appeal. We stated that motions to extend the time in which to appeal, unlike notices of appeal, do not "demonstrate intent to appeal. Rather, asking for more time in which to file an appeal indicates uncertainty as to whether one will file an appeal and compels the conclusion that the notice of appeal is something yet to be filed." Id. at 1194.

However, the intent requirement of Longstreth was modified by Smith v. Barry, 502 U.S. 244 (1992). In Smith, the Supreme Court stated:

> While a notice of appeal must specifically indicate the litigant's intent to seek appellate review, the purpose of this requirement is to ensure that the filing provides sufficient notice to other parties and the courts. Thus, the notice afforded by a document, not the litigant's motivation in filing it, determines the document's sufficiency as a notice of appeal. If a document filed within the time specified by Rule 4 gives the notice required by Rule 3, it is effective as a notice of appeal.

Id. at 248-49 (internal citations omitted) (emphasis added). As a result, determining whether a motion is the functional equivalent of a notice of appeal turns on the issue of notice. Rule 3 requires notice of three elements: "the party or parties taking the appeal by naming each one in the caption or body of the notice"; "the judgment, order or part thereof appealed from"; and the "court to which the appeal is taken." Fed. R. App. P. 3(c)(1). We must "construe Rule 3 liberally when determining whether it has been complied with." Smith, 502 U.S. at 248.

Smith's motion contained the three elements of notice required by Rule 3(c). Smith's "Motion For Out of Time Notice of Appeal" identified that he was the party taking the appeal,[2] that the order he appealed from was the restitution order, and that the court to which the appeal was to be taken was the Tenth Circuit Court of Appeals. Accordingly, we construe Smith's motion as the functional equivalent of a notice of appeal. Since that motion was filed within the allowable time, we deem it a timely functional equivalent, and therefore we have jurisdiction over Smith's appeal.[3]

---

[2] The caption of the motion listed "Marcus Renault Smith" as the defendant, and the body of the motion, in relevant parts, read:

> COMES NOW, Marcus Smith, moving this Court for permission to file an out-of[-] time notice of appeal. In support, this Defendant offers the following.
>
>      1. On February 23, 1998, defendant SMITH received a SIXTY-MONTH (60) federal sentence in the Court of the Honorable Judge Thompson.
>      2. On February 25, 1998, defendant SMITH mails a letter to Counsel of Record whom represented SMITH at the Rule 32 Hearing– requesting Counsel file a NOTICE OF APPEAL on the SENTENCING of the above case number. . . . .

The appeal issue I pray the Court allows me to present is [that restitution was unlawfully ordered] . . . . The issue is one merit Sir. I pray for appeal.

[3] This conclusion renders moot Smith's argument that we should remand the case for the limited purpose of determining whether he was denied effective assistance of counsel by his attorney's alleged failure timely to file a formal notice of appeal.

## II.

Turning to the merits, the sole issue on appeal is whether the district court erred by ordering Smith to pay restitution to Credit Union for his violation of and conviction under 18 U.S.C. § 924(c)(1). As defense counsel below filed no objections to the restitution order, our review is for plain error. <u>See</u> Fed. R. Crim. P. 52(b). However, we have recognized that the imposition of an illegal restitution order constitutes plain error. <u>See</u> <u>United States v. Herndon</u>, 982 F.2d 1411, 1420 (10th Cir. 1992).

> As part of his plea, Smith and his attorney were
>
> advised of the following matters concerning fines, interest on fines, and restitution and agree to the following as part of this plea agreement:
> . . . .
>> (c) That pursuant to 18 U.S.C. § 3663A, the Court shall enter an order directing the defendant to make restitution to the victim or victims of the offense charged in the Information as part of the sentence that results from this plea.

The one-count offense charged in the Information was using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). The Information charged that Smith violated § 924(c) while committing armed robbery in violation of the Hobbs Act, 18 U.S.C. § 1951. The Information also identified the victim as the Credit Union Service Center and specified $11,709 as the amount stolen.

Smith argues that the district court erred in ordering restitution because courts may only order restitution for losses caused by the offense of conviction, and Smith was convicted of using and carrying a firearm in relation to a robbery in violation of § 924(c)(1), rather than the robbery itself which Smith contends caused Credit Union's losses. This argument is unavailing given the clear language of Smith's plea agreement. Because the Information identified the Credit Union as the victim of the offense charged, and because Smith agreed in his plea "to make restitution" to the "victim[] of the offense charged," Smith thereby agreed to make restitution to the Credit Union. Moreover, we find that Smith's use of the gun during the robbery was an integral part and cause of the injury and loss to Credit Union. As Smith himself admitted in his petition to enter a guilty plea, he "used a .38 revolver to rob a Credit Union Service Center by force and fear." Consequently, the district court did not plainly err in ordering restitution from Smith for Credit Union's pecuniary losses.

Accordingly, we AFFIRM the district court's sentence.