**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 4 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

WOODWORKER'S SUPPLY, INC.,
a Wyoming corporation,

      Plaintiff-Counter-
      Defendant-Appellant,

v.

LOS ALAMOS TECHNICAL
ASSOCIATES, INC.,

      Defendant-Counter-
      Claimant-Appellee.

No. 00-2514
(D.C. No. CIV-99-796 LCS/DJS)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , Chief Judge, **BALDOCK** , Circuit Judge, and **BRORBY** , Senior Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Woodworker's Supply, Inc. (Woodworker's) appeals two district court rulings, entered before and during the trial that concluded with a jury verdict entered in favor of defendant-appellee Los Alamos Technical Associates, Inc. (LATA). We exercise jurisdiction and affirm. We conclude, however, that we are without jurisdiction to review the jury verdict entered upon LATA's counterclaim.

I.     **Background**

This civil action arises out of three contracts providing for LATA's design of an e-commerce web site for Woodworker's, a seller of woodworking products through retail stores, sales representatives, and catalogs. When LATA determined that changes in site features meant that the original web site code would have to be rewritten, it submitted an additional proposal for the completion of the web site. Rather than accept the new proposal, Woodworker's terminated the third contract, refused to pay LATA's final three invoices on that contract, and brought suit against LATA. In its amended complaint, Woodworker's asserted claims of breach of contract, violation of the New Mexico Unfair Practices Act (UPA), fraud, negligent misrepresentation, breach of the covenant of good faith and fair dealing, and rescission/restitution. LATA counterclaimed for breach of contract, seeking recovery of $76,429.41 for services rendered under the third contract.

In pretrial proceedings, LATA filed a motion for partial summary judgment, seeking entry of judgment in its favor on the bulk of Woodworker's claims. [1] The district court granted the motion on claims arising out of the first and second contracts, but determined that there were genuine issues of disputed fact concerning claims under the third contract. The parties then proceeded to trial. At the close of Woodworker's case, the court entered judgment as a matter of law in favor of LATA on Woodworker's UPA, fraud, negligent misrepresentation, and punitive damage claims. The jury returned a verdict in favor of LATA on Woodworker's remaining claims and also on LATA's contract counterclaim.

The district court entered judgment for a total of $82,343.40, an amount which included the jury award and prejudgment interest. Upon Woodworker's delivery of a letter of credit, the court stayed enforcement of the judgment pending appeal. Woodworker's filed a notice of appeal, designating the grant of LATA's motion for summary judgment and motion for judgment as a matter of law as the orders being appealed.

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to a final disposition of the case by a magistrate judge.

-3-

**II.    Discussion**

On appeal, Woodworker's asserts error in the (1) entry of summary judgment on its claims of UPA violations and breach of contract, including implied covenants of the contract, with respect to the second contract and (2) entry of judgment as a matter of law on its claims of UPA violations, fraud, negligent misrepresentation, and punitive damages with respect to the third contract. [2] We have jurisdiction over these appeal issues pursuant to 28 U.S.C. § 1291. We review both contested rulings de novo, applying the same standard as the district court, construing the evidences and the inferences therefrom in the light most favorable to Woodworker's, the nonmoving party. *See Simms v. Okla. ex rel Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999) (reviewing grant of motion for summary judgment); *Knowlton v. Teltrust Phones, Inc.*, 189 F3d. 1177, 1186 (10th Cir. 1999) (reviewing grant of motion for judgment as a matter of law).

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Simms*, 165 F.3d at 1326

---

[2]    Woodworker's does not contest the entry of summary judgment on any claims under the first contract or its claims of negligent misrepresentation and fraud with regard to the second contract.

(quoting Fed. R. Civ. P. 56(c)). Here, the district court properly measured the evidence against the elements of Woodworker's claims. We agree with its determination that, concerning the parties' dealings under the second contract, Woodworker's failed to demonstrate a genuine issue as to any material facts relevant to the contract or UPA claims.

Woodworker's second assertion of error relates to the district court's entry of judgment as a matter of law, a ruling which "is appropriate only '[i]f during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party.'" *Knowlton*, 189 F.3d at 1186 (quoting Fed. R. Civ. P. 50(a)(1)). A review of the record on appeal, including the trial transcript, reveals that Woodworker's evidence was insufficient to submit to the jury claims of UPA violations, fraud, negligent misrepresentation, and punitive damages arising out of the third contract. We find no reason to disturb the district court's grant of judgment as a matter of law on these claims.

Finally, Woodworker's argues in its brief that the jury verdict on LATA's contract counterclaim should be set aside. Woodworker's notice of appeal, however, did not indicate an intent to appeal the judgment on the counterclaim. "This court cannot exercise jurisdiction absent a timely notice of appeal." *United States v. Smith*, 182 F.3d 733, 734 (10th Cir. 1999); *see also* Fed. R. App. P.

-5-

3(a)(1), (c)(1)(B) ("The notice of appeal must . . . designate the judgment, order, or part thereof being appealed. . . ."). We do not have jurisdiction to consider the propriety of the jury verdict. [3]

## III.    Conclusion

Accordingly, the judgment of the district court on Woodworker's claims is AFFIRMED for substantially the same reasons stated in the magistrate judge's memorandum opinion and order dated August 8, 2000, and his ruling from the bench announced September 13, 2000. The appeal of the judgment on LATA's counterclaim is DISMISSED for lack of jurisdiction. LATA's "Amended Motion to Dismiss Appellant's Appeal of the Judgment in Favor of Los Alamos Technical Associates, Inc. on its Counterclaim" is GRANTED.

Entered for the Court

Deanell Reece Tacha
Chief Judge

---

[3]    In any event, Woodworker's challenge to the jury verdict is conditioned upon its prevailing on the issues designated in the notice of appeal. Because we affirm the judgment of the district court on these issues, the defective nature of the notice of appeal has no effect on the outcome of this appeal.