[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 01-17072

_____

D. C. Docket No. 01-00033-CR-01-2

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 21, 2002
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOE LEE ROGERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(November 21, 2002)**

Before CARNES, HILL and FARRIS*, Circuit Judges.

PER CURIAM:

_____
        *Honorable Jerome Farris, U.S. Circuit Judge for the Ninth Circuit, sitting by designation.

Joe Lee Rogers, who was convicted of possessing a firearm during a robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(iii), appeals the district court's order requiring him to pay restitution to the bank he robbed for the losses it suffered as a result of the robbery. The facts are recounted in the district court's opinion. See United States v. Rogers, 187 F.Supp.2d 1376 (N.D. Ga. 2001).

This appeal presents an issue of first impression in this circuit: whether a defendant convicted of possession of a firearm during a robbery may be ordered to pay restitution in the amount of the loss caused the victim of the robbery. In a well-reasoned opinion, the district court concluded that because the robbery which caused the loss is an element of the § 924(c)( 1) offense for which the defendant was convicted, restitution for the loss may be ordered without running afoul of the rule in Hughey v. United States, 495 U.S. 411, 110 S.Ct. 1979 (1990), or any of our decisions applying that rule. We agree with the district court and adopt its reasoning as our own.

We add to the district court's discussion only the observation that the Tenth Circuit has reached the same conclusion. See United States v. Smith, 182 F.3d 733, 736 (10th Cir. 1999) (alternative holding) (affirming restitution order after § 924(c)(1) conviction, because the defendant's "use of the gun during the robbery was an integral part and cause of the injury and loss to Credit Union.").

AFFIRMED.