**F I L E D**

**UNITED STATES COURT OF APPEALS**

**October 17, 2005**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DARYL NELSON BROWER,

    Respondents-Appellees.

No. 05-5073

(D.C. No. 02-CR-119-JHP)
(D.C. No. 05-CV-175-JHP)
(N.D.Okla.)

---

**ORDER**

---

Before **BRISCOE, LUCERO,** and **MURPHY**, Circuit Judges.

---

Proceeding pro se, Daryl Nelson Brower requests a certificate of appealability

("COA") so that he may appeal the district court's denial of his habeas petition that he

filed pursuant to 28 U.S.C. § 2255.

In December 2002, Brower pled guilty to one count of distribution of child

pornography in violation of 18 U.S.C. § 2252(a)(2), and one count of distribution of

obscenity in violation of 18 U.S.C. § 1465. Brower agreed to forfeit certain items listed

in the indictment. At sentencing, the district court overruled Brower's objections to a

three-level enhancement under U.S.S.G. § 2G2.2(b)(2)(B) for trading and a four-level

enhancement under U.S.S.G. § 2G.2.2(b)(3) for sadism. The district court further denied

Brower's motion for a downward departure.  On March 28, 2003, the district court sentenced Brower to seventy months' imprisonment on one count and sixty months' imprisonment on the other, with the sentences to run concurrently.   Brower began serving his term of imprisonment on April 16, 2003, and did not file a direct appeal.

On March 20, 2005, Brower filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in light of Blakely v. Washington, 542 U.S. 296 (2004), and Booker v. United States, 125 S. Ct. 738 (2005).  He contends that his petition is timely because he filed it on March 30, 2005, which was less than three months after the Supreme Court recognized new rights for defendants in Booker.  The district court denied Brower's § 2255 petition as untimely.  The district court subsequently entered an order denying Brower's request for a COA.  Brower has since filed a request for COA with this court.

Unless the petitioner first obtains a COA, no appeal may be taken from a final order disposing of a § 2255 petition.  See 28 U.S.C. § 2253(c)(1)(B).  A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would

2

find it debatable whether the district court was correct in its procedural rulings." Slack v. McDaniel, 529 U.S. 473, 484 (2000). In determining whether Brower has satisfied this burden, we undertake "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. Miller-El v. Cockrell, 537 U.S. 322, 338 (2003). To be entitled to a COA, Brower need not establish that his appeal will succeed. However, he must "prove something more than the absence of frivolity or the existence of mere good faith." Id. (internal quotations omitted).

Based upon our review of the record on appeal, we conclude that Brower is not entitled to a COA because no reasonable jurist would disagree with the district court's conclusion that Brower's habeas petition was untimely. A one-year period of limitation applies to Brower's habeas petition. See 28 U.S.C. § 2255. The limitation period runs from the date on which the judgment of conviction becomes final. Clay v. United States, 537 U.S. 522, 524 (2003). Because Brower did not file a direct appeal, his conviction became final ten days after the judgment was filed. See Fed. R. App. P. 4(b)(1)(A)(I). The district court filed its judgment on April 2, 2003, and it became final on Monday, April 14, 2003 (the ten-day period actually ended on April 12, 2003, which was a Saturday; thus, Brower had until the following Monday to timely file his petition). See Fed. R. App. P. 26(a)(3); United States v. Smith, 182 F.3d 733, 734 (10th Cir. 1999).

Thus, Brower had until April 14, 2004, to file his habeas petition.[1]  Reasonable jurists would not debate the district court's conclusion that Brower's petition filed March 30, 2005, is untimely, and his claim is not adequate to deserve further proceedings.

As to Brower's Booker claim, the district court correctly observed that this court has held that Booker does not apply retroactively to cases on collateral appeal.  See United States v. Bellamy, 411 F.3d 1182, 1186-87 (10th Cir. 2005); United States v. Price, 400 F.3d 844, 849 (10th Cir. 2005).  Brower's citation to Dodd v. United States, 125 S. Ct. 2478 (2005), is not on point because Dodd concerned AEDPA's one-year limitations period where a newly-recognized right applied retroactively.  Id. at 2482-83. In contrast, Booker does not apply retroactively to Brower's case.  Reasonable jurists would therefore not find it debatable whether Brower's petition states a valid claim of the denial of a constitutional right.

Brower's request for a COA is DENIED and this matter is DISMISSED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[1] Brower has not argued that the one-year limitations period should be tolled, and this court will not consider whether Brower should be entitled to equitable tolling.