**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 26, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RICHARD E. SNELL,

Petitioner-Appellant,

v.

STATE OF OKLAHOMA AND
DAVID PARKER, Warden, James
Crabtree Correctional Center

Respondent-Appellee.

No. 05-6356

(W.D. of Okla.)

(D.C. No. CV-05-861-M)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **TACHA**, Chief Judge, **HARTZ**, and **TYMKOVICH**, Circuit Judges.[**]

---

Petitioner Richard Eugene Snell is a state prisoner appealing the disposition

of his federal habeas corpus petition, filed pursuant to 28 U.S.C. § 2254. The

petition, which challenged his convictions for various counts of sexual contact

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec.
1, 2006) and 10th Cir. R. 32.1 (eff. Jan. 1, 2007).

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

with a minor, was dismissed by the district court as time-barred. Because Snell failed to file a timely appeal, we DISMISS for lack of jurisdiction.

## I. Background

On September 11, 1997, Snell was convicted by a jury in Oklahoma state court of two counts of lewd molestation, one count of second-degree rape, one count of second-degree rape by instrumentation, and two counts of forcible sodomy. He was sentenced to ten years of imprisonment for each count, to run consecutively. Snell filed a direct appeal, and the Oklahoma Court of Criminal Appeals affirmed his convictions on October 22, 1998. He then pursued two separate forms of state post-conviction relief. The first application was filed on November 26, 2001, and denied on May 17, 2002. The second was filed on July 29, 2002, and denied on October 16, 2002.

Snell subsequently filed a federal habeas petition in district court on July 28, 2005, arguing (1) the state prosecutor improperly influenced the jury with inadmissible testimony about prior crimes, (2) the evidence at trial was insufficient to prove rape, and (3) error in the jury instructions. On August 25, 2005, on recommendation of a magistrate judge, the district court denied his petition. On October 6, 2005, Snell filed a motion for extension of time to file his notice of appeal. The district court granted the motion on October 11, giving him until October 24. Snell waited until October 31, at which point he filed another

motion for extension, which the district court granted on November 2, giving him until November 3. Snell filed his notice of appeal on November 2.

## II. Discussion

The district court dismissed Snell's petition as time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). According to the applicable provision, the one-year statute of limitations period begins running on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Here, Snell's conviction was affirmed by the state's highest court on October 22, 1998.[1] According to the district court's calculations, the 90-day period for filing certiorari with the United States Supreme Court expired on January 20, 1999, which rendered his conviction final for purposes of 28 U.S.C. § 2244(d)(1)(A). *See* 28 U.S.C. § 2101(c); *Locke v. Saffle*, 237 F.3d 1269, 1271–73 (10th Cir. 2001). Thus, Snell had until January 20, 2000, to file his federal habeas petition, but he did not file until four and a half years later, on July 28, 2005.

Although AEDPA allows the limitations period to be tolled while state post-conviction relief applications are pending, 28 U.S.C. § 2244(d)(2), the district court found Snell ineligible for statutory tolling because he did not begin

---

[1] Despite the magistrate judge's notation to the contrary, the Oklahoma state docket lists a date consistent with that alleged by Snell.

pursuing state post-conviction relief until November 26, 2001—nearly two years after the AEDPA deadline had passed. *See Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001) (holding a state court petition submitted after the AEDPA deadline does not toll the limitations period). Nor, in any event, would the toll have rendered Snell's habeas petition timely because his state post-conviction proceedings were pending only until October 16, 2002—well over two and a half years before he filed his federal habeas petition.

The district court rejected equitable tolling. This remedy is "only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Because Snell provided no reason for his late filing, the district court concluded he had failed to present the "rare and exceptional circumstances" that qualify a petitioner for this equitable remedy. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

## A. Certificate of Appealability

A state prisoner who is denied federal habeas relief by the district court may not obtain appellate review without first receiving a COA. *See* 28 U.S.C. § 2253(c)(1). Generally, the district court considers the COA issue in the first instance. *See* 10th Cir. R. 22.1(C). Here, however, the district court never acted on the COA issue following Snell's filing of a notice of appeal on November 2, 2005. Accordingly, after 30 days, COA is deemed denied by the district court.

*Id.*  Although Snell never expressly filed an application for COA, his notice of appeal is treated as a renewed request for COA by this court.  *See* Fed. R. App. P. 22(b)(2).

### B.  Timeliness of Appeal

A notice of appeal must be filed with the district court within 30 days after the order being appealed is entered.  *See* Fed. R. App. P. 4(a)(1)(A).  Here, the district court entered judgment on August 25, 2005.  Consequently, the 30-day period expired on September 26, 2005.

The district court may extend the 30-day deadline under some circumstances: (1) for excusable neglect, or (2) for good cause shown, so long as the moving party requests an extension not later than 30 days after expiration of the time to appeal.  *See* Fed. R. App. P. 4(a)(5)(A); *Moore's Federal Practice*, § 304.14[2][c].  The extension may not exceed 30 days after the original deadline or 10 days after the date when the order granting the extension is entered— whichever comes later.  Fed. R. App. P. 4(a)(5)(C).  When calculating the 30-day extension period, all calendar days are counted, but when calculating the 10-day period, only business days are counted.  *See* Fed. R. App. P. 26(a)(2).

Snell filed his first motion for extension on October 6, 2005, which was 12 days after the original deadline had passed, but less than the 30 day outer limit. Finding the reasons provided to be acceptable, the district court granted the motion on October 11.  At that time, the district court had power to extend the

-5-

deadline to the greater of 30 *calendar* days from the original deadline (October 26) or 10 *business* days from the date of the order (October 25). The district court extended the time until October 24.

Snell, however, failed to file his notice of appeal prior to October 24; instead, he filed a second request for time extension on October 31, asking that additional time be granted because of a docketing mix up by his counsel. The district court granted his request on November 2, giving him until November 3, even though the allowable extension period under Rule 4(a)(5)(C) had already passed. Snell complied with this order by filing his notice of appeal on November 2.

It is well settled that "[t]his court cannot exercise jurisdiction absent a timely notice of appeal." *See United States v. Smith*, 182 F.3d 733, 734 (10th Cir. 1999). Our jurisdiction is based on the timely filing of a notice of appeal in the district court subject to the applicable time extensions set forth in Rule 4. It is the district court that rules on requests for time extension; our authority is circumscribed by Rule 26 which bars circuit courts from extending the time in which to file a notice of appeal. *See* Fed. R. App. P. 26(b)(1). Since Snell filed his second notice of appeal outside the 30-day deadline, the district court lacked the authority to grant a further time extension.

We have recently reiterated our rule that a timely notice of appeal is jurisdictional. In *Alva v. Teen Help*, 468 F.3d 946, 951 (10th Cir. 2006), we held

that timely "notice of appeal in both criminal and civil actions [are] mandatory and jurisdictional." Finding Rule 4's jurisdictional requirements to be mandatory, we concluded the rule is enforceable even if not raised by the parties.

Since Snell's second motion for time extension was untimely, and the district court lacked the authority to extend the deadline, Snell never filed a timely notice of appeal. Under *Alva*, we lack the ability to extend the Rule 4 filing deadline ourselves, and without a timely notice of appeal, we lack jurisdiction to hear the appeal.

### III. Conclusion

For the foregoing reasons, this appeal is DISMISSED.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge