FILED
United States Court of Appeals
Tenth Circuit

July 1, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LOUIS P. MITCHELL,

        Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

        Respondent-Appellee.

No. 07-9002
(T.C. No. 19258-04L)
(Petition for Review)

**ORDER**[*]

Before **BRISCOE**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

Petitioner Louis P. Mitchell, appearing pro se, petitions for review of the

Tax Court's November 6, 2006, memorandum opinion explaining its reasons for

granting summary judgment in favor of the Commissioner. Because Mr. Mitchell

is pro se, we have construed his pleadings liberally. *See Haines v. Kerner*,

404 U.S. 519, 520-21 (1972) (per curiam). Having determined that we lack

jurisdiction over the petition for review, we dismiss it.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

## I.

In October 2004, Mr. Mitchell filed a petition in the Tax Court seeking review of a notice of levy pertaining to his tax liability for tax year 2000. The Commissioner moved for summary judgment. The Tax Court issued a memorandum opinion in favor of the Commissioner on November 6, 2006. R., Doc. 30. Mr. Mitchell presented a motion to the court captioned "Motion for Reconsideration of November 6, 2006, Memorandum Opinion." R., Doc. 32. The motion is dated December 6, 2006, but the Tax Court did not file it until December 13. While Mr. Mitchell's motion for reconsideration was presumably in the mail, the Tax Court entered a summary order and decision granting summary judgment to the Commissioner on December 8, 2006, which made its November 6 memorandum opinion final. *Id.*, Doc. 31. The Tax Court stamped Mr. Mitchell's motion for reconsideration "DENIED" on December 15, 2006. *See id.*, Doc. 32. Mr. Mitchell later mailed a notice of appeal from the Tax Court's November 6, 2006, memorandum opinion. *Id.*, Doc. 33. The envelope was postmarked March 10, 2007. *Id.*

## II.

"The timely filing of a notice of appeal from the Tax Court is mandatory and jurisdictional." *Twenty Mile Joint Venture, PND, Ltd. v. Comm'r*, 200 F.3d 1268, 1274 (10th Cir. 1999). Under 26 U.S.C. § 7483, Mr. Mitchell had ninety days after the entry of the Tax Court's December 8, 2006, order and decision to

file his notice of appeal. *See also* Fed. R. App. P. 13(a)(1). When a document is mailed to the Tax Court, the postmark on the envelope is "deemed to be the date of delivery[.]" 26 U.S.C. § 7502(a)(1); *see also Umbach v. Comm'r*, 357 F.3d 1108, 1111 (10th Cir. 2003). Ninety days from the Tax Court's December 8, 2006, order and decision was March 8, 2007. Mr. Mitchell's March 10, 2007, notice of appeal was therefore untimely as to the Tax Court's December 8, 2006, order and decision and the underlying November 6, 2006, memorandum opinion, and it does not confer jurisdiction over the November 6, 2006, memorandum opinion on this court.

Although Mr. Mitchell's notice of appeal would have been *timely* to appeal the Tax Court's December 15, 2006, order denying reconsideration, it is otherwise defective to confer jurisdiction on this court over that order. The contents of a notice of appeal are governed by Fed. R. App. P. 3(c), which applies to tax appeals under Fed. R. App. P. 13(c). Mr. Mitchell's notice of appeal did not designate the Tax Court's December 15, 2006, order denying reconsideration, as required by Rule 3(c)(1)(B), and the notice of appeal therefore does not confer jurisdiction on this court over that order.

## III.

We have also considered whether Mr. Mitchell's December 13, 2006, motion for reconsideration can properly be construed in a manner that would

provide jurisdiction over his petition for review, but we have concluded that it cannot.

If the motion for reconsideration were construed as a notice of appeal, it would be *timely* to appeal the Tax Court's November 6, 2006, memorandum opinion. And Mr. Mitchell's identification of the Ninth Circuit as the court to which he might appeal, *see* R., Doc. 32, at 1 ¶ 3, is merely a technical violation of Rule 3(c)(1)(C) that would not be fatal to our jurisdiction. *See United States v. Garcia*, 459 F.3d 1059, 1062 n.1 (10th Cir. 2006).

But Mr. Mitchell's motion for reconsideration does not satisfy "[t]he purpose of Rule 3(c)'s requirements . . . to provide all parties and the court with sufficient notice of a litigant's intent to seek appellate review." *Berrey v. Asarco Inc.*, 439 F.3d 636, 642 (10th Cir. 2006) (citing *Smith v. Barry*, 502 U.S. 244, 248 (1992)). "We must 'construe Rule 3 liberally when determining whether it has been complied with.'" *United States v. Smith*, 182 F.3d 733, 735 (10th Cir. 1999) (quoting *Smith v. Barry*, 502 U.S. at 248). Nevertheless, Mr. Mitchell's motion for reconsideration clearly sought relief solely from the Tax Court. It did not evidence any intent to seek immediate appellate review, and it therefore cannot be the functional equivalent of a notice of appeal. *Cf. Smith v. Barry*, 502 U.S. at 248-49 (holding that appellate brief may substitute as notice of appeal if it provides notice required by Rule 3(c)); *Fleming v. Evans*, 481 F.3d 1249, 1253-54 (10th Cir. 2007) (construing combined motion for leave to proceed on appeal

without prepayment of costs or fees and application for certificate of appealability and pro se docketing statement as functional equivalent of notice of appeal because documents, together, provided notice required by Rule 3(c)); *United States v. Smith*, 182 F.3d at 735-36 (construing "Motion For Out of Time Notice of Appeal" as notice of appeal because it provided notice required by Rule 3(c)); *Hatfield v. Bd. of County Comm'rs*, 52 F.3d 858, 860-62 & n.3 (10th Cir. 1995) (construing combined "Motion for Reconsideration of Order Granting Summary Judgment or in the Alternative a Notice of Appeal" as notice of appeal because it provided notice required by Rule 3(c); there was "no importance in the fact that plaintiff phrased his notice of appeal as an alternative to the motion" for reconsideration).

Mr. Mitchell's December 13, 2006, motion for reconsideration was also untimely under the Tax Court Rules, *see* Tax Ct. R. 161, and it would be equally untimely under the Tax Court Rules if we construed it as a motion to vacate or revise the Tax Court's decision, *see* Tax Ct. R. 162. Although Mr. Mitchell avers that he mailed the motion for reconsideration on December 6, 2006, nothing in the record proves the date of mailing under 26 U.S.C. § 7502, and his "uncorroborated self-serving testimony of mailing" is insufficient. *See Sorrentino v. IRS*, 383 F.3d 1187, 1194 (10th Cir. 2004). As a result, the motion for reconsideration cannot be given tolling effect under Fed. R. App. P. 13(a)(2), which provides that "a timely motion to vacate or revise the Tax Court's

-5-

decision" tolls the time for appeal. Furthermore, this court has never given tolling effect in a tax appeal to a motion for reconsideration, which is not mentioned in Rule 13. The Ninth Circuit has done so, but the motion to which it gave tolling effect was timely filed. *See Nordvik v. Comm'r*, 67 F.3d 1489, 1493-94 (9th Cir. 1995). Mr. Mitchell's motion for reconsideration was untimely, and he therefore cannot rely on the Ninth Circuit's decision.

The petition for review is DISMISSED for lack of jurisdiction.

Entered for the Court


Bobby R. Baldock
Circuit Judge