FILED
United States Court of Appeals
Tenth Circuit

January 21, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

TERRY J. MCINTYRE, JR., a/k/a "T-Mac," a/k/a "Florida,"

  Defendant-Appellant.

No. 13-3247
(D.C. Nos. 2:11-CV-02554-CM &
2:06-CR-20047-CM-JPO-3)
(D. Kan.)

**ORDER**[*]

Before **KELLY**, **HARTZ**, and **BACHARACH**, Circuit Judges.

Terry J. McIntyre, Jr., seeks a certificate of appealability (COA) to secure review of a district court order dismissing, for lack of subject matter jurisdiction, a motion for relief from judgment in a 28 U.S.C. § 2255 case. Because Mr. McIntyre has failed to show that he timely filed this appeal, "we lack jurisdiction to address his application for COA, or the merits of his appeal," and must therefore dismiss the appeal. *Watkins v. Leyba*, 543 F.3d 624, 625 (10th Cir. 2008).

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Appellate jurisdiction here turns on application of the prison mailbox rule, now codified at Fed. R. App. P. 4(c)(1). Mr. McIntyre's notice of appeal was received on September 30, 2013, six days late (though a certificate of service stated that it was mailed on September 22).[1] Ordinarily, i.e., absent application of the mailbox rule, a notice of appeal is deemed filed upon receipt by the court. *Houston v. Lack*, 487 U.S. 266, 274 (1988). A timely notice of appeal under Rule 4(a) and 28 U.S.C. § 2107(a) is, of course, a prerequisite to our appellate jurisdiction.[2] *See Bowles v. Russell*, 551 U.S. 205, 214 (2007). Accordingly, this court issued an order noting the facial jurisdictional deficiency, explaining that it could be obviated if Mr. McIntyre presented the notice of appeal to prison officials for mailing in timely fashion and complied with the requirements in Rule 4(c)(1) to establish that fact, and giving him 21 days to show cause why the appeal should not be dismissed.

Rule 4(c)(1) provides that, for prisoners, the timely filing of a notice of appeal through use of a prison mail system "may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid." We have repeatedly held that use of a prison's regular internal mail system will not trigger this

---

[1] Strictly speaking, Mr. McIntyre filed a COA application in this court rather than a notice of appeal in the district court as prescribed by Fed. R. App. P. 4(a)(1), but we liberally construed the COA application as a notice of appeal and sent it to the district court noting the date of receipt as the filing date under Fed. R. App. P. 4(d).

[2] The deadlines in Rule 4(a) govern the time for appeal in § 2255 proceedings. *See* Rule 11(b) of the Rules Governing Section 2255 Proceedings.

mailbox rule if the latter requirements are not satisfied, in which case the date of receipt by the court continues to control.[3] *See, e.g.*, *Price v. Philpot*, 420 F.3d 1158, 1167 (10th Cir. 2005) (mailbox rule inapplicable because declaration did not include "under penalty of perjury" language); *United States v. Ceballos-Martinez*, 387 F.3d 1140, 1142 (10th Cir. 2004) (dismissing appeal where notice of appeal failed to include declaration or notarized statement satisfying Rule 4(c)(1)); *United States v. Smith*, 182 F.3d 733, 734 n.1 (10th Cir. 1999) (mailbox rule inapplicable because declaration did not state that first-class postage had been prepaid). The certificate of mailing attached to Mr. McIntyre's notice of appeal clearly did not satisfy the requirements of Rule 4(c)(1), and he has never claimed that it did.

Mr. McIntyre's response to the show cause order takes two different tacks.[4] First, he contends our case law is contrary to the seminal prison mailbox decision in *Houston*. But our case law simply applies Rule 4(c)(1), which we have repeatedly noted incorporates and codifies the ruling in *Houston*, *see Price*, 420 F.3d at 1164; *United States v. Gray*, 182 F.3d 762, 766 n.7 (10th Cir. 1999). Second, he proffers a post hoc declaration, stating under penalty of perjury that he "filed [the notice of appeal] on September 22, 2013, by handing institutional staff the legal documents."

---

[3] Use of a dedicated legal mail system is treated differently, but Mr. McIntyre has never claimed his prison has such a system, much less alleged he used it.

[4] The pleading is designated "Appellant's Request for Correction of Clear Error and a Manifest Error of Law and Fact in Reference to the Court's Dismissal of the Appeal for Lack of Jurisdiction, with Request for Reinstatement of the Appeal." We refer to it simply as "Response" herein.

Resp. at 3. This says nothing to confirm that first class postage was prepaid, as required by Rule 4(c)(1), and therefore is insufficient to trigger the mailbox rule, *see Smith*, 182 F.3d at 734 n.1. It is the prisoner's burden to demonstrate timely filing through operation of the rule, *Price*, 420 F.3d at 1165, and while a post hoc declaration may suffice, we have held that the failure to file a qualifying declaration before we resolve the case deprives us of jurisdiction and requires dismissal of the appeal, *Ceballos-Martinez*, 387 F.3d at 1144 n.4.

Applying our controlling precedent, we must dismiss this appeal. We nevertheless deem it appropriate to grant Mr. McIntyre's motion to proceed in forma pauperis (IFP). *Cf. Watkins*, 543 F.3d at 627.

The appeal is hereby dismissed. Appellant's motion to proceed IFP is granted.

Entered for the Court

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk