**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

BONNER ROBINETTE; SHIRLEY
ROBINETTE,

    Plaintiffs - Appellants,

v.

BOBBIE FENDER, in his individual and
professional capacities; AMBER
FENDER, in her individual and
professional capacities; STEVE
SCHMIDT, in his individual and
professional capacities; CHARLES
HAMBY, in his individual and
professional capacities; SEAN SMITH, in
his individual and professional capacities,

    Defendants - Appellees.

No. 15-1113
(D.C. No. 1:10-CV-02172-CMA-KLM)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **GORSUCH**, and **McHUGH**, Circuit Judges.
_____

    Bonner and Shirley Robinette have feuded with their neighbors in Bayfield,

Colorado, for years about where their property ends and the neighbors' begins.  The

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

current litigation began when several off-duty county sheriff's office employees — two of whom were daughter and son-in-law to the neighbors — removed the Robinettes' old jeep and other items from the disputed land without permission. The Robinettes filed suit, alleging various constitutional and state law violations. After much back and forth in the district court, the case boiled down to two claims: one against the four off-duty deputies who removed (or took possession of) the personal property, and the other against a fifth deputy who sent an email about the dispute after investigating ownership of the contested land. In the end, the district court granted summary judgment in favor of the deputies and dismissed the case — and it is this decision the Robinettes now ask us to reverse.

Before getting to the merits, the deputies say we must dismiss this appeal because the Robinettes' notice of appeal was untimely. And it's true the Robinettes filed their notice of appeal one week after the relevant deadline. But the Robinettes did — before the deadline — file a motion for an extension of time to file a notice of appeal. And because that motion was the "functional equivalent" of a notice of appeal, we may lawfully reach the appeal's merits. *See Smith v. Barry*, 502 U.S 244, 248-49 (1992); *United States v. Smith*, 182 F.3d 733, 735-36 (10th Cir. 1999).

Even so, we don't see how we might reverse. While we must afford the Robinettes' pro se pleadings a liberal construction, we may not serve as their attorney or advance "arguments and search[] the record" for them. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Yet even on the most liberal of constructions, the Robinettes' briefing in this appeal does not present "contentions

2

and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A). Instead, their opening brief contains only conclusory allegations, a few statutory references, and a handful of case citations with no analysis. Citing Rule 28, we have routinely "declined to consider arguments that are not raised, or are inadequately presented" in cases like this, *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007), and we find ourselves forced to do so again here. Neither would the result change were we forced to come up with arguments for the Robinettes, for our independent scrutiny of the record has turned up nothing calling into question the propriety of the district court's disposition.

Affirmed.

Entered for the Court

Neil M. Gorsuch
Circuit Judge