**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CHRISTOPHER COUNTS,

    Petitioner - Appellant,

v.

EDDIE WILSON, Warden, Wyoming
State Penitentiary; WYOMING
ATTORNEY GENERAL,

    Respondents - Appellees.

No. 17-8003
(D.C. No. 2:16-CV-00070-NDF)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **KELLY**, **BALDOCK**, and **BRISCOE**, Circuit Judges.
_____

Christopher Counts, proceeding *pro se*, seeks a certificate of appealability

(COA) in order to appeal the district court's judgment in favor of respondents on his

28 U.S.C. § 2254 habeas petition. Because we conclude that Mr. Counts has failed to

demonstrate his entitlement to a COA, we deny his request and dismiss this matter.

I.

Mr. Counts was charged in state court with three felonies: aggravated assault

and battery; aggravated burglary; and kidnapping. A jury convicted him of

aggravated burglary and kidnapping, but acquitted him of aggravated assault and

---

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

battery. The state court then held an additional trial to determine whether Wyoming's habitual-criminal statute applied to Mr. Counts. The jury determined he had three prior felony convictions and that the statute did apply. As a result, the state district court sentenced him to two concurrent life sentences. The Wyoming Supreme Court affirmed his conviction on direct appeal. *Counts v. State*, 277 P.3d 94, 111 (Wyo. 2012). His requests for post-conviction relief were denied in state district court and on appeal.

The evidence at trial, as described by the Wyoming Supreme Court, showed that Mr. Counts went to the house where the victim, his girlfriend, lived. He began pounding on one of the windows, calling loudly for her to let him in to get his cell phone charger. When she did not respond, he walked around the house, shouting and pounding on the windows and the back door.

The house's occupants heard a crash at the back door, and the sound of breaking glass and wood. Mr. Counts entered the back door. The victim ran out the front. There was evidence that Mr. Counts was carrying a knife, and that when he passed the two men from the house, he said, "I warned you once, bitch." *Id.* at 99 (internal quotation marks omitted).

The victim ran toward a neighbor's house and tried to hide under a parked pickup truck. Mr. Counts ran after her. He grabbed her by the neck and dragged her back into the house. She was screaming and begging for help.

2

Inside the house, Mr. Counts told the two men to leave. He slammed the front door after them as they departed. After they left, they heard thuds and loud screams coming from the house.

According to the victim, Mr. Counts forced her downstairs into her room, threw her on the bed, choked her, threw objects at her, and called her names. He locked the door to the room and stood in front of it to prevent her from leaving. Eventually, after about an hour, he calmed down.

By this time, the police had arrived. Mr. Counts initially refused to leave the house, but eventually surrendered to police. They found a knife in his pocket and a folding pocket knife under the mattress in the victim's bedroom. The police took a statement from the victim, who later recanted that statement or added significant information that she had not told the police on the day of the incident. The prosecution later learned that in spite of being ordered not to contact the victim, Mr. Counts had been communicating with her to persuade her to change her story.

## II.

At the outset, we must determine whether Mr. Counts filed a timely notice of appeal. This threshold jurisdictional issue must be resolved before we consider his request for a COA. *See Watkins v. Leyba*, 543 F.3d 624, 625 (10th Cir. 2008) (dismissing appeal for lack of jurisdiction, without addressing application for COA, where petitioner's notice of appeal from order dismissing habeas petition was untimely).

3

The district court entered judgment in favor of the respondents on November 1, 2016. Mr. Counts had 30 days, until December 1, 2016, to file his notice of appeal. *See* Fed. R. App. P. 4(a)(1)(A). On November 21, he sought an extension of time to file the notice of appeal. The district court could grant him an extension, but only for "30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C).

On November 23, the district court granted the request for extension of time until December 14. Mr. Counts claims that prior to this new deadline, on December 10, he timely placed his notice of appeal in the prison mailbox. *See* Fed. R. App. P. 4(c) (describing requirements of prison mailbox rule).

But the district court did not receive the notice of appeal until a month later, on January 9, 2017. This was not due to a simple delay in the mails. As Mr. Counts explained, the district court clerk rejected the envelope containing the notice of appeal he mailed on December 10 because the prison officials did not affix sufficient postage. As a result, the notice of appeal was returned to him. He then re-mailed the notice of appeal in a new envelope with adequate postage, accompanied by his motion for excusable neglect. As proof of all this, Mr. Counts included the original envelope, postmarked on December 13, which showed that the district court had returned his initial submission for insufficient postage.

The district court granted Mr. Counts' motion for excusable neglect on January 10, 2017, and filed the notice of appeal as of that date. But there is a problem. The motion for excusable neglect, considered as a second request for extension of time to

4

file the notice of appeal, was untimely under Fed. R. App. P. 4(a)(5) and 4(c). Thus, notwithstanding the district court's attempt to rescue it, the notice of appeal was untimely and could not create appellate jurisdiction.

Nevertheless, we may construe Mr. Counts' November 21, 2016, motion for extension of time to file his notice of appeal as the functional equivalent of a notice of appeal. *See United States v. Smith*, 182 F.3d 733, 734-36 (10th Cir. 1999) (construing a motion for extension of time to file a notice of appeal as the functional equivalent of a notice of appeal). The motion satisfied the "functional equivalent" criteria because it was filed within the time limit for filing a notice of appeal, and it specified the party taking the appeal, designated the judgment appealed from, and named the court to which the appeal was to be taken. *See id.* at 735; Fed. R. App. P. 3(c)(1). This appeal is therefore timely, and we may proceed to determine whether Mr. Counts has shown his entitlement to a COA.

### III.

In order to obtain a COA, Mr. Counts must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [application] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). If the application was denied on procedural

5

grounds, the applicant must also show "that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." *Id.*

When a claim has been adjudicated on the merits in a state court, a federal court can grant habeas relief only if the applicant establishes that the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). This "deferential treatment of state court decisions must be incorporated into our consideration of [Mr. Counts'] request for [a] COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

Mr. Counts seeks a COA on the following issues: (1) he was improperly denied the right to cross-examine the victim; (2) the prosecutor committed misconduct that deprived him of a fair trial; (3) his trial counsel was constitutionally ineffective; (4) he should have been provided with the prosecution's files; (5) the state failed to provide a bill of particulars; (6) the jury instructions given at his trial failed to define certain necessary terms; (7) there was insufficient evidence to convict him of kidnapping; and (8) the habitual-criminal sentence was improper because one of his prior convictions was for a crime he committed as a juvenile. We have reviewed Mr. Counts' arguments in light of the entire record and the controlling legal principles. Having done so, we conclude he has failed to show that reasonable jurists

6

could find that the district court's denial of his claims was debatable or wrong. We therefore deny his request for a COA and dismiss this matter.

Entered for the Court


Mary Beck Briscoe
Circuit Judge