FILED
United States Court of Appeals
Tenth Circuit

December 4, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ALI MEHDIPOUR,

    Plaintiff - Appellant,

v.

KEITH SWEENEY, an Oklahoma City
Police Officer, individually,
J. LEFEBVRE, an Oklahoma City Police
Officer, individually; R. HOLT, an
Oklahoma City Police Lieutenant,
individually,

    Defendants - Appellees.

No. 19-6022
(D.C. No. 5:16-CV-00411-R)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MORITZ**, and **EID**, Circuit Judges.
_____

Ali Mehdipour appeals the district court's denial of his motion to vacate the

2017 judgment in this action. In so doing, he also seeks to appeal the 2017 judgment

itself. We dismiss the challenge to the 2017 judgment for lack of jurisdiction and,

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

exercising jurisdiction under 28 U.S.C. § 1291, affirm the district court's denial of the motion to vacate. Because Mr. Mehdipour is acting pro se on appeal, we construe his filings liberally but do not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

Mr. Mehdipour, represented by counsel, filed this action under 42 U.S.C. § 1983, alleging that the defendants violated his constitutional rights by falsely arresting him. After defendant-appellee Sweeney moved to dismiss on statute-of-limitations grounds, Mr. Mehdipour, represented by new counsel, conceded that his false-arrest claim was time-barred but asserted that his complaint included a timely filed malicious-prosecution claim. Sweeney replied that Mr. Mehdipour had failed to state a malicious-prosecution claim and in any event the applicable statute of limitations would bar such a claim. On January 19, 2017, the district court entered an order ruling that the malicious-prosecution claim was untimely and therefore dismissing it and this action. The court also agreed that Mr. Mehdipour had failed to state a malicious-prosecution claim but did not elaborate on this finding given its determination that the claim was time-barred. Mr. Mehdipour timely filed a motion to alter or amend judgment disputing this conclusion. The district court construed the motion as seeking relief under Fed. R. Civ. P. 60(b) and denied it on July 18, 2017.

More than a year later, on November 26, 2018, Mr. Mehdipour filed a pro se "Motion to Vacate Judgment." R. at 74. The motion asked the court to vacate its January 2017 order dismissing his case because of alleged errors committed by his

2

counsel during the proceedings. On January 18, 2019, the district court denied the motion, concluding it was untimely and lacked merit.

On February 13, 2019, Mr. Mehdipour filed notice that he was appealing "the Order of dismissal of this action entered on January 18th, 2019." R. at 86. Though the notice references the district court's January 2019 order, his appellate briefs challenge only the 2017 order dismissing this action on statute-of-limitations grounds; they argue nothing regarding the 2019 order. We do not have jurisdiction to hear an appeal from the 2017 order, however, because Mr. Mehdipour did not file a timely notice appealing it.

"This court cannot exercise jurisdiction absent a timely notice of appeal." *United States v. Smith*, 182 F.3d 733, 734 (10th Cir. 1999). Mr. Mehdipour's February 13, 2019 notice of appeal was too late to challenge the 2017 dismissal order. The deadline for Mr. Mehdipour to appeal the January 2017 order was August 17, 2017, which was 30 days after the district court's July 18, 2017 denial of his 2017 motion for relief. *See* Fed. R. App. P. 4(a)(4)(A). We therefore lack jurisdiction to review this order.

Mr. Mehdipour's notice of appeal was, however, filed in time to challenge the district court's 2019 order. *See* Fed. R. App. P. 4(a)(1)(A). But his briefs do not present any argument challenging this order or the district court's conclusion in it that his motion to vacate was untimely. In fact, Mr. Mehdipour insists in his reply brief that the only issue on appeal is whether the district court erred in 2017 in dismissing his asserted malicious-prosecution claim as untimely. Aplt. Reply Br. at 1

3

(describing all other issues raised by defendants on appeal as "[i]ntentional muck, meant to distract from" his argument that the district court erred in its 2017 statute of limitations ruling). As a result, Mr. Mehdipour has forfeited appellate review of the district court's 2019 order. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[T]he omission of an issue in an opening brief generally forfeits appellate consideration of that issue.").

We affirm the district court's January 18, 2019 order denying Mr. Mehdipour's motion to vacate, and we dismiss for lack of jurisdiction Mr. Mehdipour's attempt to appeal the district court's January 2017 order dismissing this action.[1]

Entered for the Court


Harris L Hartz
Circuit Judge

---

[1] We note that Mr. Mehdipour filed a notice with this court regarding "Appellee Keith Sweeney's[] Status," on November 15, 2019, and that Mr. Sweeney has filed a response. We have not considered this filing because it is irrelevant to the issues presented on appeal.